IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY JOHNSON A.K.A. RODNEY KNUCKLES, | ) | CASE NO. 1:15 CV 2180 |
| | ) | |
| | ) | JUDGE JAMES G. CARR |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| NEAL TURNER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral,[1] in the matter of the *pro se* petition of Ricky Johnson, a/k/a Rodney Knuckles for a writ of habeas corpus under 28 U.S.C. § 2254 is Knuckles'[2] traverse and motion for an evidentiary hearing.[3] The State has replied in opposition to the motion for a hearing and to seek dismissal of the petition as time-barred.[4]

For the reasons that follow, the Knuckles' motion for an evidentiary hearing will be denied, and I will recommend that the State's motion to dismiss[5] the petition be granted.

---

[1]The matter was referred to me under Local Civil Rule 72.2 on November 24, 2015 by United States District Judge James G. Carr in a non-document order.

[2]Rodney Knuckles is the name by which the petitioner is listed on the Ohio Department of Rehabilitation and Correction website, and so it will be used here.

[3]ECF # 16.

[4]ECF # 18.

[5] ECF # 13 at 16-18, 37. The State in its return of the writ contends that the petition should be dismissed with prejudice because the petition is untimely. Thus, this is here considered as a motion to dismiss.

The facts necessary for adjudicating both motions are not complex and are simply stated. Knuckles' sole claim for federal habeas relief is that his appellate counsel was ineffective for not arguing on appeal that Knuckles' waiver of a jury trial was invalid.[6] He raised that argument to the Ohio appeals court in a 2014 *pro se* application to re-open his 1983 appeal from a conviction at a re-trial on one count of murder.[7] The Ohio court in 2014 denied that application to re-open as untimely filed, finding that Knuckles had "failed to argue or establish a showing of good cause for the untimely filing of the application to re-open."[8] The State in this case contends that not only is Knuckles' sole ground for relief therefore procedurally defaulted because the Ohio appeals court denied the application to re-open as untimely after more than 30 years since the original appeal, but this Court may not even reach that issue because the petition itself was filed over 30 years after his conviction was final.[9]

On this record, no evidentiary hearing is needed to establish that Knuckles was aware at the time of the original appeal of what issues his appellate counsel elected to raise, and was therefore able to seek a re-opening of the appeal at that time if he so desired. Further, the present record is sufficient to show that the 2014 application was untimely and was filed without any reason to excuse the untimeliness.

---

[6] ECF # 1 at 5.

[7] ECF # 13, Attachment (state court record) at 387.

[8] *Id*. at 398.

[9] ECF # 13 at 18.

Moreover, no evidentiary hearing is required to adjudicate the question of whether Knuckles can establish grounds for equitable tolling to excuse his delay of over 30 years in seeking federal habeas relief. Indeed, the record shows that since his conviction became final in 1984, Knuckles has filed numerous post-conviction matters with the Ohio courts, including, in 1987, a state petition for habeas relief.[10] Knuckles has not pointed to any cause outside himself that can explain why he was able to file a state petition for habeas relief more than 25 years before filing for federal habeas relief in this Court.

Accordingly, Knuckles' motion for an evidentiary hearing is denied, and I recommend that the State's motion to dismiss the petition with prejudice as time-barred be granted.


Dated: April 25, 2016                               s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[11]

---

[10] *Id*. at 307.

[11] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).