IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ricky Johnson, a/k/a Rodney Knuckles,   Case No. 1:15CV2180

    Petitioner

    v.                                    **ORDER**

Neil Turner, Warden,

    Respondent

    This is a state prisoner's habeas case under 28 U.S.C. § 2254.

    After a 1983 bench trial in the Common Pleas Court of Cuyahoga County, Ohio, the court convicted the petitioner, Ricky Johnson, of murder and sentenced him to fifteen years' to life imprisonment. *State v. Johnson*, 1983 WL 2879 (Ohio App.).

    Between 1983 and 1990, Johnson took an unsuccessful direct appeal and launched several fruitless collateral attacks. (Doc. 13 at 5–11, 13). Thereafter, Johnson took no further steps to challenge his conviction in state court until May, 2013. (*Id.* at 11–12, 13–15). Then, in October, 2015, he filed a habeas petition in this court. (Doc. 1).

    Pending is Magistrate Judge Baughman's Report and Recommendation, which recommends that I dismiss the petition as untimely. (Doc. 20). Johnson has filed objections that do not directly address the Magistrate Judge's timeliness ruling. (Docs. 21, 24).

    Having conducted a de novo review of the R&R, I agree that Johnson's petition is untimely.

Johnson's conviction became final in June, 1984 (when the time to file a certiorari petition expired (Doc. 13 at 7)), nearly twelve years before the enactment of the Antiterrorism and Effective Death Penalty Act.[1]

Accordingly, Johnson was entitled to a one-year grace period – from April 24, 1996 until April 24, 1997 – in which to file a habeas petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Turner v. Romanowski*, 409 F. App'x 922, 925 (6th Cir. 2011); *Logan v. Kelley*, 2015 WL 4546889, *6 (N.D. Ohio) (Adams, J.).

But Johnson did not file within the grace period, and there is no basis in the record for concluding he is entitled to either statutory or equitable tolling during that year. Finally, Johnson does not contend he is "actually innocent." *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013).

His petition is, as Magistrate Judge Baughman correctly found, untimely under 28 U.S.C. § 2244(d)(1)(A).

It is, therefore

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 20) be, and the same hereby is, adopted as the order of the court;

2. Johnson's objections (Docs. 21, 24) be, and the same hereby are, overruled;

3. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, dismissed with prejudice;

---

[1] Because Johnson has not alleged a state-created impediment to filing, a newly recognized and retroactively applicable constitutional right, or a claim that depends on evidence he could not have discovered sooner, § 2244(d)(1)(A) supplies the applicable start date.

4. No certificate of appealability will issue, as reasonable jurists would not debate that Johnson's petition is time-barred; and

5. In accordance with 28 U.S.C. § 1915(a)(3), an appeal from this decision would not be in good faith and will not be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge